[Civ. No. 9926. Second Appellate District, Division Two.—April 11, 1935.]

EMMA KIMBLES, Appellant, v. JOHN KELLY et al., Respondents.

92

J. P. Leonard for Appellant.

Nourse, Betts & Jones, Paul Nourse and J. Howard Edgerton for Respondents.

FRICKE, J., *pro tem.*—It appears from the evidence that about noon on May 15, 1932, an automobile owned by defendant Brannen, and being driven by defendant Kelly, ran upon the sidewalk at the northeast corner of Hollywood Boulevard and Hudson Street in Los Angeles, and struck and injured the plaintiff. Plaintiff instituted suit for damages against both Brannen and Kelly but Kelly was never served with process. The judgment went for Brannen for his costs and plaintiff appeals.

Respondent Brannen left the city of Los Angeles on about May 1, 1932, leaving the car in the care of his sister, a Mrs. Babbitt, and was in New York City at the time of the accident. At the time Mr. Brannen left the city, he had in his employ a chauffeur named Cunningham and the day after Mr. Brannen left, Mrs. Babbitt, acting under the authorization of her brother, discharged Cunningham. About 4 A. M., on May 15, 1932, about two weeks after his discharge,

Cunningham went to the garage where the Brannen car was kept and falsely declared to a car washer there employed that his employer had sent him for the car and by this misrepresentation secured possession of and drove the car away. What Cunningham did thereafter and how Kelly came to be driving the car is left to pure conjecture as there is no proof on these subjects and neither of these men were available as witnesses at the trial.

The attempt of appellant to tie a claim of liability upon Brannen by the theory that Cunningham gave Kelly permission to drive the car follows the failure of appellant's counsel to take into consideration the testimony that Cunningham was discharged from his employment about two weeks before the accident and that, in taking the car from the garage on May 15th, Cunningham committed a felony. (Sec. 146, California Vehicle Act.)

With the foregoing facts in mind, sustained by evidence, the trial court is fully supported in its finding that Kelly was neither the agent, servant nor employee of Brannen and was driving the car without the latter's consent or permission.

The evidence of these facts was not proof of an unpleaded defense, as claimed by appellant, but was competent evidence in rebuttal of claims necessary for appellant to prove before he could recover.

Appellant sought to introduce in evidence the declaration of Kelly and Cunningham made to the police after the accident. These declarations so obviously fall within the classification of incompetent hearsay as to require no citation of authority to support the ruling of the court sustaining objections thereto.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 10, 1935.